**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 15 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| JESUS EFRIAN GARCIA FELIPE, <br><br> Petitioner, <br><br> v. <br><br> MERRICK B. GARLAND, Attorney General, <br><br> Respondent. | No. 23-4 <br><br> Agency No. A201-694-664 <br><br> MEMORANDUM[*] |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted January 8, 2024[**]
Pasadena, California

Before: RAWLINSON, MELLOY, and H.A. THOMAS, Circuit Judges.[***]

Jesus Efrian Garcia Felipe and a derivative petitioner, both natives and

citizens of Guatemala, petition for review of the Board of Immigration Appeals'

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]      The Honorable Michael J. Melloy, United States Senior Circuit Judge for the Court of Appeals, 8th Circuit, sitting by designation.

(BIA) affirmance and adoption of the Immigration Judge's (IJ) denial of applications for asylum, withholding of removal, and protection under the U.N. Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C. § 1252 and deny the petition for review.

"Where, as here, the BIA adopts the IJ's decision while adding some of its own reasoning, we review both decisions." *Gonzalez-Caraveo v. Sessions*, 882 F.3d 885, 889 (9th Cir. 2018). We review the agency's factual determinations for substantial evidence. *Id.* The substantial evidence standard is highly deferential, and therefore, we will uphold the agency's determinations unless the evidence is such that "any reasonable adjudicator would be compelled to conclude to the contrary." *Hermosillo v. Garland*, 80 F.4th 1127, 1131 (9th Cir. 2023).

1. Substantial evidence supports the IJ's denial of both Garcia Felipe's application for asylum and withholding of removal. An applicant for asylum must show they previously faced "persecution" or have "a well-founded fear of persecution on account of" their "membership in a particular social group." 8 U.S.C. §§ 1101(a)(42)(A), 1158(b)(1)(A); *see also Navas v. I.N.S.*, 217 F.3d 646, 655 (9th Cir. 2000) (explaining that the "more stringent [clear probability] standard applies to requests for withholding"). Garcia Felipe did not raise in his brief to the BIA, and therefore failed to exhaust, his argument that he established past persecution in his application for asylum and withholding of removal. Moreover,

substantial evidence supports the IJ's denial of both Garcia Felipe's application for asylum and withholding of removal. The IJ concluded that Garcia Felipe failed to show that the Guatemalan government was "unable or unwilling" to protect him, in part because he never reported the single threatening phone call he received. *Bringas-Rodriguez v. Sessions*, 850 F.3d 1051, 1062 (9th Cir. 2017) (en banc). The IJ also rejected Garcia Felipe's proposed social group, "Guatemalan family fleeing extortion and violence from local gangs," and concluded he failed to show a reasonable fear of future persecution.[1] These conclusions are supported by the record.

2. Substantial evidence also supports the IJ's denial of Garcia Felipe's CAT claim. Garcia Felipe presented no evidence of past torture in Guatemala and failed to show more than speculative fear that he would face torture if he returned. *See Dhital v. Mukasey*, 532 F.3d 1044, 1051 (9th Cir. 2008) ("To obtain relief under the CAT . . . the petitioner must demonstrate that he would be subject to a '*particularized threat* of torture[.]'").[2]

**DENIED.**

---

[1] The government argues that many of the issues Garcia Felipe raises in his petition for review have been forfeited. Because we deny the petition for review on the merits, we do not address this argument.

[2] The current stay of removal remains in effect until issuance of the mandate in this case, but we otherwise deny Garcia Felipe's pending request for a stay of removal.